PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF

HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District |
|---|---|

| Name (under which you were convicted): Jimmy frank Cameron | 2007 NOV 29 A 9: 21 | Docket or Case No.: |
|---|---|---|

| Place of Confinement: Draper Correctional Center Ala | Prisoner No.: 105591 |
|---|---|

| Petitioner (include the name under which you were convicted) | Respondent (authorized person having custody of petitioner) |
|---|---|
| Jimmy frank Cameron | v. State of Alabama |

The Attorney General of the State of _Honorable Troy King_

## PETITION

1. (a) Name and location of court that entered the judgment of conviction you are challenging: Franklin county Russellvile Alabama

   _____

   (b) Criminal docket or case number (if you know): CC-91-86.62

2. (a) Date of the judgment of conviction (if you know): 12-4-91

   (b) Date of sentencing: 12-16-91

3. Length of sentence: Life

4. In this case, were you convicted on more than one count or of more than one crime?    Yes ☑    No ☐

5. Identify all crimes of which you were convicted and sentenced in this case: Burglary 2 nd

   Receiving Stolen Property 2 nd.

   Theft of property 2 nd.

   _____

   _____

6. (a) What was your plea? (Check one)

   (1)    Not guilty ☑          (3)    Nolo contendere (no contest) ☐

   (2)    Guilty ☐             (4)    Insanity plea ☐

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?_____

_____

_____

_____

_____

(c) If you went to trial, what kind of trial did you have? (Check one)

Jury ☑     Judge only ☐

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?

Yes ☐ No ☑

8. Did you appeal from the judgment of conviction?

Yes ☑ No ☐

9. If you did appeal, answer the following:

(a) Name of court: _Court of Criminal Appeals of Alabama_

(b) Docket or case number (if you know): _CR-06-1263 - CR-91-415_

(c) Result: _Affirmed_

(d) Date of result (if you know): _August 21-1992   December 18-1992_

(e) Citation to the case (if you know): _____?_____

(f) Grounds raised: _Dont Really Know_

_____

_____

_____

_____

_____

(g) Did you seek further review by a higher state court?     Yes ☐ No ☑

If yes, answer the following:

(1) Name of court: _____N/A_____

(2) Docket or case number (if you know): _____

(3) Result: _____

_____

(4) Date of result (if you know): _N/A_

(5) Citation to the case (if you know): _____

(6) Grounds raised: _____

_____

_____

_____

(h) Did you file a petition for certiorari in the United States Supreme Court?    Yes ☐  No ☑

If yes, answer the following:

(1) Docket or case number (if you know): _____

(2) Result: _____

_____

(3) Date of result (if you know): _____

(4) Citation to the case (if you know): _____

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?

Yes ☑  No ☐

11. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court: Franklin county Circuit Court

(2) Docket or case number (if you know): CR-92-1249

(3) Date of filing (if you know): MARch 22 1993

(4) Nature of the proceeding: Rule 32

(5) Grounds raised: Newly Discovered Evidence
That The only Eye witness MATthew Holt Did change
his Testimony from Preliminary Hearing To The Trial
A preliminary hearing He Testified To what he Actually saw.
At Trial he Testified To what he was Told To say he saw
by CHRis Hargett. District Attorney.

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

Yes ☐  No ☑

(7) Result: _____

(8) Date of result (if you know): _____

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court: Franklin county Circuit Court

(2) Docket or case number (if you know): CR-94-0090

(3) Date of filing (if you know): September 9, 1994

(4) Nature of the proceeding: Rule 32

(5) Grounds raised: Same Grounds
incompentence assistence of counsel
wittness changing Testimony

_____

_____
_____
_____
_____
_____

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

Yes ❑  No ☑

(7) Result: _N A._____

(8) Date of result (if you know): _____

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court: _Franklin County Circuit Court_

(2) Docket or case number (if you know): _____

(3) Date of filing (if you know): _April 5 07._____

(4) Nature of the proceeding: _Rule 32_____

(5) Grounds raised: _Same as 1 and 2_____
_presentence investigation Report Plainly shows_
_The Difference in Matthew Holt Testimony_
_____
_____
_____
_____
_____
_____

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

Yes ❑  No ☑

(7) Result: _____

(8) Date of result (if you know): _____

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition:      Yes ☑  No ❑

(2) Second petition:   Yes ☑  No ❑

(3) Third petition:     Yes ☑  No ❑

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not: _____
_____
_____
_____

Page 6

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

GROUND ONE: Newly Discovered evidence

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): Petitioner Did not have a copy of the Presentence investigation Report. Which show. Matthew Hott original Statement

(b) If you did not exhaust your state remedies on Ground One, explain why:

(c) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐  No ☑

(2) If you did not raise this issue in your direct appeal, explain why: Attorney Refused To Raise This issue

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

Yes ☑  No ☐

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Rule 32

Name and location of the court where the motion or petition was filed: Franklin County Circuit Court

Docket or case number (if you know): CR-91-415

Date of the court's decision: April 16. 1993

Result (attach a copy of the court's opinion or order, if available): _not Available_

(3) Did you receive a hearing on your motion or petition?

Yes ☐  No ☑

(4) Did you appeal from the denial of your motion or petition?

Yes ☑  No ☐

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

Yes ☑  No ☐

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _Court of Criminal Appeals_ _muntgomery Alabama_

Docket or case number (if you know): _CR-92-1249_

Date of the court's decision: _August 13, 1993_

Result (attach a copy of the court's opinion or order, if available): _Not Available_

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: _NA_

**GROUND TWO:** _Innaffective Assistance of Counsel_

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): _Petitioner_ _Presentence investigation Report Shows The only Eye_ _witness Did change his Testimony_

(b) If you did not exhaust your state remedies on Ground Two, explain why: _____

_____

_____

_____

(c) **Direct Appeal of Ground Two:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ☐  No ☑

    (2) If you did <u>not</u> raise this issue in your direct appeal, explain why: <u>Attorney Refused To</u>

<u>Raise This Issue</u>

_____

(d) **Post-Conviction Proceedings:**

    (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

        Yes ☑  No ☐

    (2) If your answer to Question (d)(1) is "Yes," state:

    Type of motion or petition: <u>Rule 32</u>

    Name and location of the court where the motion or petition was filed: <u>Franklin count Circuit</u>

<u>court</u>

    Docket or case number (if you know) <u>CR-94-0090</u>

    Date of the court's decision: <u>June 16 1995</u>

    Result (attach a copy of the court's opinion or order, if available): <u>Not Available</u>

_____

    (3) Did you receive a hearing on your motion or petition?

        Yes ☑  No ☐

    (4) Did you appeal from the denial of your motion or petition?

        Yes ☑  No ☐

    (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

        Yes ☑  No ☐

    (6) If your answer to Question (d)(4) is "Yes," state:

    Name and location of the court where the appeal was filed: <u>Court of Criminal Appeals</u>

<u>Montgomery Ala</u>

    Docket or case number (if you know): <u>Not Known</u>

    Date of the court's decision: <u>April 12- 2007</u>

    Result (attach a copy of the court's opinion or order, if available): <u>enclose copy</u>

<u>petitioner only copy.</u>

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

_____

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two: _N. A_____

_____

_____

_____

**GROUND THREE:** _N. A_____

_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): _____

___ _N-A_____

_____

_____

_____

_____

_____

(b) If you did not exhaust your state remedies on Ground Three, explain why: _____

___ _N/A_____

_____

_____

(c) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☑  No ☐

(2) If you did <u>not</u> raise this issue in your direct appeal, explain why: _____

_____

_____

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

Yes ☑  No ☐

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _Rule 32_____

Name and location of the court where the motion or petition was filed: _Court of Criminal Appeals_

_Montgomery Ala._____

Docket or case number (if you know): _N/A_____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(3) Did you receive a hearing on your motion or petition?

Yes ☒  No ☐

(4) Did you appeal from the denial of your motion or petition?

Yes ☐  No ☐

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

Yes ☐  No ☐

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

_____

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three: _THREE Rule 32's_

_____

_____

**GROUND FOUR:** _____

_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): _____

_____

_____

_____

_____

_____

(b) If you did not exhaust your state remedies on Ground Four, explain why: _____

_____

_____

_____

(c) **Direct Appeal of Ground Four:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ❑  No ❑

    (2) If you did <u>not</u> raise this issue in your direct appeal, explain why: _____

_____

(d) **Post-Conviction Proceedings:**

    (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

        Yes ❑  No ❑

    (2) If your answer to Question (d)(1) is "Yes," state:

    Type of motion or petition: _____

    Name and location of the court where the motion or petition was filed: _____

_____

    Docket or case number (if you know): _____

    Date of the court's decision: _____

    Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

    (3) Did you receive a hearing on your motion or petition?

        Yes ❑  No ❑

    (4) Did you appeal from the denial of your motion or petition?

        Yes ❑  No ❑

    (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

        Yes ❑  No ❑

    (6) If your answer to Question (d)(4) is "Yes," state:

    Name and location of the court where the appeal was filed: _____

_____

    Docket or case number (if you know): _____

    Date of the court's decision: _____

    Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

_____

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four: _____

_____

_____

_____

_____

13. Please answer these additional questions about the petition you are filing:

(a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?     Yes ☐  No ☐

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them: _____

_____

_____

_____

(b) Is there any ground in this petition that has not been presented in some state or federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them: _No_

_____

_____

_____

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?     Yes ☐  No ☑

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available. _____

_____

_____

_____

_____

_____

_____

Jimmy Cameron 105591
P.O. Box 1107 B-2-17-A
Elmore. Ala
36025

This correspondence is forwarded from an Alabama State Prison. The contents have not been evaluated and the Alabama Department of Corrections is not responsible for the substance or content of the enclosed communication.

LEGAL MAIL

USA FIRST-CLASS FOREVER

MONTGOMERY, AL 367
PM
28 NOV 2007

PITNEY BOWES
02 1M
0004243890 NOV 27 2007
MAILED FROM ZIP CODE 36025

United States District Court
P.O. Box. 711
Montgomery Ala
36101-0711

Notice: This unpublished memorandum should not be cited as precedent. See Rule 54, Ala.R.App.P. Rule 54(d), states, in part, that this memorandum "shall have no precedential value and shall not be cited in arguments or briefs and shall not be used by any court within this state, except for the purpose of establishing the application of the doctrine of law of the case, res judicata, collateral estoppel, double jeopardy, or procedural bar."

# Court of Criminal Appeals
State of Alabama
Judicial Building, 300 Dexter Avenue
### P. O. Box 301555
### Montgomery, AL 36130-1555



**PAMELA W. BASCHAB**
Presiding Judge
**H.W."BUCKY" McMILLAN**
**GREG SHAW**
**A. KELLI WISE**
**SAMUEL HENRY WELCH**
Judges

**Lane W. Mann**
Clerk
**Gerri Robinson**
Assistant Clerk
(334) 229-0751
Fax (334) 229-0521

## MEMORANDUM

CR-06-1263                    Franklin Circuit Court CC-91-86.62

Jimmy Frank Cameron v. State of Alabama

WISE, Judge.

The appellant, Jimmy Frank Cameron, appeals from the circuit court's denial of his petition for postconviction relief filed pursuant to Rule 32, Ala.R.Crim.P., in which he attacked his December 1991 convictions for burglary in the second degree, receiving stolen property in the second degree, theft of property in the second degree, and his resulting sentence as an habitual felony offender to life imprisonment. On August 21, 1992, this Court affirmed Cameron's convictions and sentence, by unpublished memorandum. Cameron v. State (No. CR-91-415), 617 So. 2d 703 (Ala.Crim.App. 1992) (table). A certificate of judgment was issued on December 18, 1992.

1

On March 22, 1993, Cameron filed his first Rule 32 petition which was denied by the trial court on April 16, 1993.  On August 13, 1993, this Court affirmed the trial court's denial of Cameron's first Rule 32 petition, by unpublished memorandum. Cameron v. State (No. CR-92-1249), 635 So. 2d 914 (Ala.Crim.App. 1993) (table).  On September 9, 1994, Cameron filed his second Rule 32 petition which was denied by the trial court on October 8, 1994.  On June 16, 1995, this Court affirmed the trial court's denial of Cameron's second Rule 32 petition, by unpublished memorandum. Cameron v. State (No. CR-94-0090), 678 So. 2d 807 (Ala.Crim.App. 1995) (table).

On April 5, 2007, Cameron filed this, his third, Rule 32 petition wherein he alleged that he has newly discovered evidence which shows that a witness perjured himself at trial. On April 12, 2007, the trial court denied Cameron's Rule 32 petition without requiring a response from the State.  This appeal followed.

On appeal, Cameron reasserts the claim he raised in his petition to the trial court.

Cameron argues that he has newly discovered evidence which shows that the State's eye witness committed perjury at trial.  Specifically, Cameron contends that the presentence investigator's report proves that Matthew Holt's testimony at trial differed from the testimony he gave at the preliminary hearing.  Rule 32.1(e)(1), Ala.R.Crim.P. provides that:

"(e) Newly discovered material facts exist which require that the conviction or sentence be vacated by the court, because:

"(1) The facts relied upon were not known by the petitioner or the petitioner's counsel at the time of trial or sentencing or in time to file a posttrial motion pursuant to Rule 24, or in time to be included in any previous collateral proceeding and could not have been discovered by any of those times through the exercise of reasonable diligence..."

2

See <u>Ingram v. State</u> (No. CR-05-0030), ___ So. 2d ___, ___ (Ala.Crim.App. 2006). Cameron's contention centers around a discrepancy between testimony given at the preliminary hearing and trial. However, in his brief to this Court, Cameron acknowledges that he brought the issue of perjured testimony to the trial court's attention at his sentencing hearing. As a result, this information does not fall within the requirements for newly discovered evidence set forth in Rule 32.1(e)(1), Ala.R.Crim.P., as it was known to Cameron at sentencing and thereafter. Additionally, Cameron has failed to provide this Court with a transcript of the preliminary hearing or a trial transcript. It is the appellant's burden to provide a reviewing court with a complete record on appeal and we will not predicate error on a silent record. <u>Shouldis v. State</u>, 953 So. 2d 1275, 1280 (Ala.Crim.App. 2006).

Moreover, Cameron has failed to provide a "clear and specific statement of the grounds upon which relief is sought, including full disclosure of the factual basis of those grounds," as required by Rule 32.6(b), Ala.R.Crim.P.; <u>Gilmore v. State</u>, 937 So. 2d 547, 550 (Ala.Crim.App. 2005). Pursuant to Rule 32.3, Ala.R.Crim.P., Cameron has the burden of pleading and proving by a preponderance of the evidence the facts necessary to entitle the petitioner to relief. <u>Marquette v. State</u>, 933 So. 2d 1110, 1112-13 (Ala.Crim.App. 2005). Cameron's claims are nothing but bare allegations unsupported by any specific facts. Thus, Cameron's petition is precluded by Rule 32.2(a)(2), because this claim was raised at trial, by Rule 32.2(b), because this is a successive petition and by Rule 32.2(c), because this petition was filed long after the expiration of the limitations period.

Rule 32.7(d), Ala.R.Crim.P., authorizes the trial court to summarily dismiss a petitioner's Rule 32 petition:

"[i]f the court determines that the petition is not sufficiently specific, or is precluded, or fails to state a claim, or that no material issue of fact or law exists which would entitle the petitioner to relief under this rule and that no purpose would be served by any further proceedings, the court may either dismiss the petition or grant leave to file an amended petition."

3

See also <u>Hannon v. State</u>, 861 So. 2d 426, 427 (Ala.Crim.App. 2003); <u>Cogman v. State</u>, 852 So. 2d 191, 193 (Ala.Crim.App. 2002); <u>Tatum v. State</u>, 607 So. 2d 383, 384 (Ala.Crim.App. 1992). As discussed above, Cameron's claims are precluded from appellate review. Thus, summary disposition was appropriate.

Based on the foregoing, the judgment of the trial court is affirmed.

**AFFIRMED.**

McMillan and Welch, JJ., concur. Baschab, P.J., and Shaw, J., concur in the result.

4